IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SETH CHAVEZ,

    Plaintiff,

vs.                                                                                                                      No.  1:18-CV-997-___-___

CITY OF ALBUQUERQUE,

    Defendants.

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE NEW MEXICO HUMAN RIGHTS ACT

Plaintiff Seth Chavez, by and through his counsel, Kennedy, Hernandez & Associates, P.C., brings this complaint for violations of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 to 12117 ("ADA"), and the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1 to -15 ("NMHRA"). Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Venue is proper in this district, as both parties are New Mexico citizens and the acts complained of occurred in New Mexico.

### PARTIES

2.    Plaintiff Seth Chavez is a resident of New Mexico.

3.    Defendant City of Albuquerque ("the City") is a municipality in New Mexico that employed Plaintiff from November, 2011 to April, 2013.

### FACTUAL BASIS

4.    Albuquerque Police Department ("APD") is a police department in Albuquerque, New Mexico.

1

5. Plaintiff began working for the City as an APD Cadet on November 7, 2011.

6. As a Cadet, Plaintiff received several months of field training, which involved performing police duties under the supervision of a Field Training Officer.

7. Plaintiff's Field Training Officer regularly gave Plaintiff positive reviews, noting his good attitude, readiness to learn, good investigative skills, and ability to interact with members of the community.

8. Plaintiff suffers from dyslexia, which means he needs additional time and/or dictation software to write police reports without making spelling errors.

9. Plaintiff told his supervisors that he suffered from dyslexia.

10. Plaintiff asked his supervisors if he could work late or take his reports home so that he could have more time to write and spell-check his reports.

11. Plaintiff also asked his supervisors if he could use dictation software to help him write his reports.

12. His supervisors denied these requests.

13. Plaintiff did not pass the field training program and was given several weeks of additional training.

14. The additional training involved performing rote tasks like summarizing newspaper articles and sketching diagrams of intersections.

15. Plaintiff was also asked to run errands, for which he had to use his personal car and not a patrol unit.

16. Plaintiff was eventually demoted to Prison Transport Officer.

17. The City constructively terminated Plaintiff by giving him humiliating, low-importance tasks and demoting him. Plaintiff resigned from the City on April 8, 2013.

18.     Plaintiff filed a Charge of Discrimination with the EEOC alleging that the City discriminated against him in violation of the ADA.

19.     On July 27, 2018, Plaintiff received notice from the EEOC of his right to sue the City.

**COUNT I:**
**THE CITY'S REFUSAL TO PROVIDE REASONABLE ACCOMODATIONS TO PLAINTIFF IN VIOLATION OF THE ADA**

20.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

21.     Plaintiff suffers from dyslexia, a cognitive condition that substantially limits one or more major life activities, including his ability to read and write information.

22.     Plaintiff is qualified to be an APD officer and requires only reasonable accommodation to perform certain tasks such as writing reports.

23.     Plaintiff told his supervisors on multiple occasions that he suffered from dyslexia and that his dyslexia made it difficult to quickly write police reports without spelling errors.

24.     Plaintiff discussed his dyslexia with his Training Officer Joseph S. Mannarino on or about August 15, 2012 and again on August 20, 2012.

25.     On several occasions, Plaintiff asked for and was refused reasonable accommodations by his supervisors to complete his written reports.

26.     Plaintiff asked Officer Mannarino on or about July 13, August 6, and August 27, 2012, if he could finish his reports at home, but Officer Mannarino refused.

27.     Plaintiff also asked Officer Mannarino on or about July 13 and August 6, 2012, if he could stay late to finish his reports, but Officer Mannarino refused.

28.     On August 22, 2012, Plaintiff asked Officer Mannarino if he could write his reports using Dragon, a dictation software application, but Officer Mannarino refused.

29. Instead of providing reasonable accommodations for Plaintiff's dyslexia, his supervisors harassed and criticized Plaintiff for writing slowly and making spelling errors.

30. Because the City did not provide reasonable accommodations, Plaintiff did not pass his field training program and was demoted to Prison Transport Officer.

31. The City demoted and constructively discharged Plaintiff because of his dyslexia, in violation of the ADA.

32. WHEREFORE, Plaintiff requests all available remedies, including but not limited to compensatory damages such as lost wages, punitive damages, court costs, and attorneys' fees.

## COUNT II:
## THE CITY'S DISCRIMINATION IN VIOLATION OF THE NMHRA

33. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34. Plaintiff is a member of a protected class, because his dyslexia is a mental disability.

35. Because Plaintiff has dyslexia, Plaintiff needs additional time or dictation software to write reports without making spelling errors.

36. On several occasions, Plaintiff asked for and was refused reasonable accommodations to complete his written reports.

37. Plaintiff's supervisors regularly criticized Plaintiff's report writing ability despite knowing about his dyslexia and not providing reasonable accommodations.

38. Because of his dyslexia, the City did not allow Plaintiff to pass his field training program, gave him humiliating, low-importance tasks, and eventually demoted him to Prison Transport Officer.

39. The City demoted and constructively discharged Plaintiff because of his dyslexia, in violation of the NMHRA.

WHEREFORE, Plaintiff requests all available remedies, including but not limited to compensatory damages, costs, and attorneys' fees.

## JURY TRIAL DEMAND

40.    Plaintiff hereby demands a trial by jury.

    Respectfully submitted,

    **KENNEDY, HERNANDEZ & ASSOCIATES, P.C.**

    */s/ Henry A. Jones*
    Paul J. Kennedy
    Jessica M. Hernandez
    Elizabeth A. Harrison
    Henry A. Jones
    Attorneys for Plaintiff
    201 12th Street N.W.
    Albuquerque, New Mexico 87102
    (505) 842-8662

    Attorneys for Plaintiff