IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SETH CHAVEZ,

      Plaintiff,

v.                                        CIV 1:18-CV-00997 SCY/JHR

CITY OF ALBUQUERQUE,

      Defendant.

## CITY'S MOTION TO DISQUALIFY

COMES NOW, Defendant the City of Albuquerque (the "City"), by and through its undersigned counsel, and hereby submits its Motion to Disqualify. Attorney Jessica Hernandez, an attorney with Kennedy, Hernandez & Associates, P.C., has a non-waivable conflict of interest in this matter due to her former status as the City Attorney for the City of Albuquerque. This conflict imputes to the entire firm, and therefore, Attorney Hernandez and Kennedy, Hernandez & Associates, P.C. must be disqualified from representing Plaintiff in this matter.

Pursuant to D.N.M.LR-Civ. 7.1(a), the City sought concurrence from Plaintiff's Counsel, but no response was received. Therefore, the City presumes that Plaintiff's Counsel opposes this Motion.

## BACKGROUND

Plaintiff was employed with the City from November 2011 through April 2013. Following his resignation in April 2013, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging that the City discriminated against him in violation of the Americans with Disabilities Act

("ADA").  The facts of the EEOC Charge allegedly form the basis for Plaintiff's current lawsuit.

Plaintiff filed his EEOC Charge on October 31, 2013. The City prepared a position statement outlining its response to Plaintiff's allegations in his EEOC Charge, as required by the EEOC process.

The EEOC ultimately issued its Determination on April 13, 2016, which invited both Parties to participate in conciliation, a form of settlement discussions.  At that time, Ms. Jessica Hernandez was the City Attorney for the City of Albuquerque.  As required by City Ordinance, Plaintiff's claim was reviewed by the City's Risk Management Claims Review Board ("CRB"). City of Albuquerque Risk Management Ordinance, § 2-8-2-6 (Ord 95-1983; Am. Ord. 66-1968).  As part of this review, the Assistant City Attorneys within the Employment and Labor Law Division of the City's Legal Department prepared a confidential memorandum regarding this matter to be presented to the CRB on June 8, 2016.

The CRB's voting membership is composed of the City's Chief Administrative Officer ("CAO"), City Attorney, Director of Finance & Administrative Services, Director of Human Resources, and a department heard as selected by the CAO, who at the time was the Chief of Police. *Id.*  Per the Ordinance, cases are presented to the CRB in order to make legal determinations about the value of the cases and authorize legal actions on the City's behalf, stating, "The Risk Management Claims Review Board shall review and approve or disapprove the handling, payment and disposition of claims…."  *Id.* § 2-8-2-6(C).  The memoranda prepared for CRB contain opinions and evaluations of cases by Assistant City Attorneys that are protected by attorney-client privilege and the work product doctrine.  Per

the direction of Attorney Hernandez, in her capacity as the City Attorney, all CRB memoranda prepared by City Legal were to be provided to her via her legal assistant for her review prior to any CRB meeting.

Attorney Hernandez attended a CRB meeting on June 8, 2016, in her capacity as the City Attorney. Ex. A, Sign-In Sheet (June 8, 2016). Assistant City Attorney Melissa Kountz presented her confidential and privileged memorandum regarding Plaintiff's EEOC Charge to the CRB, at that meeting, during which Attorney Hernandez was present. Attorney Hernandez was provided a copy of Ms. Kountz's memorandum both before the CRB meeting per her directive and during the meeting. Ex. B, E-mail to Ramona Zamir-Gonzalez, Legal Assistant to Attorney Hernandez (June 8, 2016). As the legal representative on the CRB, a voting member of the CRB, and the legal representative for the City, Attorney Hernandez substantially participated in the valuation of Plaintiff's claims and was provided legally confidential information.

Although Attorney Hernandez is no longer with the City, the New Mexico Rules of Professional Conduct are clear regarding the conflicts of interest for former and current government officers and employees. Attorney Hernandez was privy to, and had actual knowledge of, the City's confidential and privileged communications and legal impressions regarding Plaintiff's claims and allegations giving rise to this lawsuit. Now, Attorney Hernandez represents Plaintiff and is a named partner in the firm Plaintiff has hired in his lawsuit against the City.

The City immediately reached out to Attorney Hernandez in order to give her notice of this conflict of interest once it became aware of Attorney Hernandez' involvement in this lawsuit and her involvement in the matter as the prior City Attorney. Ex. C, E-mail

from Att'y Moody (Nov. 27, 2018). In that correspondence, the City outlined the background of Attorney Hernandez' involvement in the case as the former City Attorney as well as the Rules of Professional Conduct at issue. *Id.* The City and Attorney Hernandez corresponded back and forth regarding whether or not she did indeed have a conflict of interest in this matter, with the City provided multiple documents supporting the assertion that Attorney Hernandez was present and substantially participated in the CRB meeting regarding Plaintiff's claims. Ex. D, E-mails between Att'y Moody and Att'y Hernandez (Nov. 27 – Nov. 29, 2018)[1].

On December 4, 2018, Deputy City Attorney Samantha Hults, Assistant City Attorney Devon Moody, and Attorney Hernandez had a phone conversation regarding this conflict of interest. Ex. E, E-mail from Att'y Hults (Dec. 4, 2018). During this call, Attorney Hernandez stated she would speak with her client about the conflict. *Id.* On December 12, 2018, the City followed up with Attorney Hernandez requesting further information regarding her firm's conflict and withdrawal from this matter as well as any information she may have regarding Plaintiff's new counsel. Ex. F, E-mail from Att'y Hults (Dec. 12, 2018). Attorney Hults further raised the issue of the upcoming Court deadlines, including a meet and confer deadline and a deadline for the Parties to submit a Joint Status Report ("JSR") to the Court. *Id.* Attorney Hernandez responded, stating, "We still plan to move forward as discussed. No specific attorney yet to substitute." Ex. G, E-mail from Att'y Hernandez (Dec. 13, 2018). She also stated that she would be fine if the City wanted to draft an unopposed motion to extend these deadlines. *Id.*

---

[1] The City has attached only the first pages of the relevant e-mails in this large e-mail thread in order to reduce the amount of pages for these exhibits and to reduce repetition of the same e-mails. Should the Court request each e-mail in its entirety with the previous threads attached, the City will produce these exhibits.

The City prepared the Unopposed Motion to Extend Deadlines in order to accommodate Plaintiff's search for new counsel. Ex. H, E-mail from Att'y Moody (Dec. 18, 2018). After some back and forth regarding the language in the pleadings, the City requested that Attorney Hernandez state in writing that her firm would be withdrawing from this case. Ex. I, E-mail from Att'y Moody (Dec. 19, 2018). The reasoning for this request being that Attorney Hernandez had not yet stated, either via e-mail or phone, that she and her firm were, in fact, withdrawing from this matter as Plaintiff's counsel. *See generally* Exs. D-I. In response, Attorney Hernandez did not clearly state that she would be withdrawing. Ex. J, E-mail from Att'y Hernandez (Dec. 19, 2018).

The City followed up, again requesting an e-mail from Attorney Hernandez confirming that she and her firm planned to withdraw from the matter. Ex. K, E-mail from Att'y Hults (Dec. 19, 2018). Attorney Hernandez responded requesting that the Unopposed Motion to Extend Deadlines be filed to give Plaintiff enough time to find new counsel. Ex. L, E-mail from Att'y Hernandez (Dec. 19, 2018); Ex. M, E-mail from Att'y Hults (Dec. 20, 2018). The City filed the Unopposed Motion to Extend Deadlines on December 20, 2018, providing Plaintiff additional time to find new counsel in this matter.

On February 8, 2019, the City followed up with Attorney Hernandez requesting a status on her firm's withdrawal from this matter as well as information regarding Plaintiff's new counsel. Ex. N, E-mail from Att'y Hults (Feb. 8, 2019). The Court's meet and confer deadline was scheduled for February 22, 2019, so the City required at least two (2) weeks to meet with Plaintiff's new attorneys in order to comply with this deadline. *Id.* That same day, Attorney Hernandez responded that Plaintiff was "in the process of obtaining substitute counsel," and that she would update the City "soon." Ex. O, E-mail from Att'y

Hernandez (Feb. 8, 2019). On February 21, 2019, the City again followed up with Attorney Hernandez after not having heard anything regarding new counsel for Plaintiff. Ex. P, E-mail from Att'y Hults (Feb. 21, 2019). The City offered to provide one last extension of time to Plaintiff in order for him to obtain new legal counsel in this case, proposing a new meet and confer deadline of March 22, 2019, and preparing a Second Unopposed Motion to Extend Deadlines on Plaintiff's behalf. *Id.* The City clarified, however, that it was requesting Plaintiff secure new counsel no later than Friday, March 8, 2019, in order to give the City two (2) weeks to comply with the proposed deadline and meet with Plaintiff's new counsel. *Id.* Attorney Hernandez responded, approving the Second Motion and stating that Plaintiff was still "actively working on obtaining new counsel." Ex. Q, E-mail from Att'y Hernandez (Feb. 22, 2019). The City filed the Second Unopposed Motion to Extend Deadlines on February 22, 2019.

On March 8, 2019, the City contacted Attorney Hernandez to inquire regarding whether Plaintiff had secured new counsel and who his new legal representative was. Ex. R, E-mail from Att'y Hults (Mar. 8, 2019). Attorney Hernandez responded on March 11, stating she would "check on the status of this and let [Attorney Hults] know." Ex. S, E-mail from Att'y Hernandez (Mar. 11, 2019). The City confirmed receipt of this e-mail and informed Attorney Hernandez that the City needed to hear from her before noon on Wednesday, March 13, 2019, or it would be sending her this Motion to Disqualify. Ex. T, E-mail from Att'y Hults (Mar. 11, 2019). The City received an e-mail from Attorney Hernandez on March 14, 2019, stating that she believed "we will be able to file our withdrawal/substitution of counsel soon," and that Plaintiff's new counsel should be entering his appearance shortly. Ex. U, E-mail from Att'y Hernandez (Mar. 14, 2019).

However, at this time, the City has not received any further contact or information from Attorney Hernandez despite the swiftly approaching deadline to meet and confer on March 22, 2019.

Attorney Hernandez, and her entire firm, cannot represent Plaintiff due to Attorney Hernandez' role as the legal representative for the City in Plaintiff's case prior to this lawsuit. This is a non-waivable conflict of interest that imputes to the entire firm. Allowing Attorney Hernandez and her firm to continue to represent Plaintiff in this matter would be significantly prejudicial to the City, because Attorney Hernandez was privy to the confidential and privileged evaluations of the City's defenses to Plaintiff's claims. Therefore, Kennedy, Hernandez & Associates, P.C. should be disqualified from this matter.

## POINTS AND AUTHORITIES

**A. Attorney Hernandez has a conflict of interest in this matter as a former government officer, and both her and her entire firm must therefore be disqualified from representing Plaintiff in this lawsuit.**

Attorneys practicing in the State of New Mexico are subject to the Rules of Professional Conduct. *See generally* Rules 16-100 to -805 NMRA. "[T]he Rules of Professional Conduct may form the basis for disqualification." *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 30. These rules are clear regarding conflicts of interest and duties to former clients.

Rule 16-111 NMRA specifically addresses conflicts of interest for former government employees and officers. A lawyer who has formerly served as a public officer or employee of the government is subject to paragraph C of Rule 16-109 NMRA (Duties to Former Clients), which states:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as these rules would permit or require with respect to a client.

*See* Rule 16-111(A)(1) (citing Rule 16-109 NMRA).  Additionally, a lawyer who has acted as a public officer or employee of the government "shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." Rule 16-111(A). "Matter" is defined in Rule 16-111(E) as "any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties; and any other matter covered by the conflict of interest rules of the appropriate government agency."

Here, Attorney Hernandez participated personally and substantially in Plaintiff's initial Charge against the City in her capacity as the City Attorney.  As the City Attorney, Attorney Hernandez was on the CRB, was provided an attorney-client privileged memorandum, heard privileged attorney opinions and strategies regarding Plaintiff's claims, and participated in discussions regarding valuations of Plaintiff's claims and allegations.  She acted as the legal representative on the Board and for the City when Plaintiff first filed his Charge against it, thereby substantially participating in valuing Plaintiff's claims.  Now, she has taken Plaintiff's case against her former client in which she was privy to confidential attorney work product and attorney-client privileged

communications and evaluations. It would be impossible for Attorney Hernandez to *not* use information relating to her representation of the City in this lawsuit – regardless of her intent, she is aware of confidential and privileged information regarding the City's evaluation of Plaintiff's claims and its legal strategies. Additionally, the City cannot provide its consent for Attorney Hernandez to continue her representation of Plaintiff. She is aware, and has actual knowledge of, all the City's legal strategies, work product, and attorney-client privileged conversations regarding Plaintiff and his allegations. Her involvement in this matter as the former City Attorney is highly prejudicial to the City. This is a non-waivable conflict of interest and Attorney Hernandez must be disqualified from representing Plaintiff pursuant to Rule 16-111.

This conflict of interest also imputes to the entire firm of Kennedy, Hernandez & Associates, P.C. Under Rule 16-111(B), "When a lawyer is disqualified from representation under Paragraph A, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter." The only exception to this rule requires that the lawyer be timely screened from any participation in the matter and is apportioned no part of the fee therefrom and written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of the rule. *See* Rule 16-111(B)(1)-(2).

To the City's belief and understanding, Attorney Hernandez has not screened herself from this matter. Further, the City has not been provided any written notice regarding her involvement in the matter, beyond the Complaint naming her firm, to allow it to evaluate whether this representation is appropriate. The Rules of Professional Conduct

mandate the disqualification of Attorney Hernandez and her entire firm from this matter due to the clear conflict of interest.

## CONCLUSION

Attorney Hernandez, in her capacity as the City Attorney, was an officer of the City of Albuquerque and has a duty and responsibility to it as its former representative. She cannot, under the Rules of Professional Conduct, represent the City in a matter and then switch sides to represent the Plaintiff in the same case. The City will be severely prejudiced should Attorney Hernandez and her firm be permitted to represent Plaintiff in this matter due to the privileged information she was privy to when she worked with the City. The City has made every effort to give both Attorney Hernandez and Plaintiff time to seek new counsel in this case, but needs to proceed with this matter. Therefore, both Attorney Hernandez and her entire law firm should be disqualified from this matter. Additionally, the City should be awarded its attorney fees and costs associated with preparing and filing this Motion, as Plaintiff's actions have caused unnecessary delay and work for the City and its attorneys.

WHEREFORE, the City requests that the Court grant its Motion, disqualify Ms. Jessica Hernandez and Kennedy, Hernandez & Associates, P.C. from representing Plaintiff in this matter, award the City recovery of its attorney fees and costs associated with preparing and filing this Motion to Disqualify, and any other such relief as this Court deems necessary.

Respectfully Submitted:

CITY OF ALBUQUERQUE
Esteban A. Aguilar, Jr.
City Attorney

*/s/ Devon P. Moody*
Melissa M. Kountz
Ian G. Stoker
Devon P. Moody
Nicholas D. Nunez
Assistant City Attorneys
P.O. Box 2248
Albuquerque, NM 87102
Phone: (505) 768-4500
E-mail: dmoody@cabq.gov

CERTIFICATE OF SERVICE

I certify that on this 18th day of March, 2019, I served a copy of the foregoing pleading to the parties listed below through the Court's electronic service option.

Henry A. Jones
Kennedy, Hernandez & Associates, P.C.
201 12th Street NW
Albuquerque, NM  87102


*/s/ Devon P. Moody*
Devon P. Moody
Assistant City Attorney